JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5210 PA (JPRx) | Date | July 16, 2015 |
|---|---|---|---|
| Title | Ricardo Gudino v. Rite Aid Corp., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:                Attorneys Present for Defendants:

None                                                                        None

**Proceedings:**          IN CHAMBERS - COURT ORDER

        Before the Court is a Notice of Removal filed by defendants Rite Aid Corporation and Rite Aid Realty Corp. ("Defendants") on July 10, 2015. In their Notice of Removal, Defendants assert that this Court has jurisdiction over the action brought against it by plaintiff Ricardo Gudino ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

        Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

        In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 15-5210 PA (JPRx) | Date | July 16, 2015 |
|---|---|---|---|
| Title | Ricardo Gudino v. Rite Aid Corp., et al. | | |

       The Notice of Removal alleges that "Plaintiff is, and at all times since the commencement of this action has been, a citizen of the state of California. (See Ex. A, Complaint, ¶ 1.)" (Notice of Removal ¶ 9.) The Complaint, however, alleges that Plaintiff "was at all relevant times herein an individual male residing in the County of Los Angeles, State of California." (Compl. ¶ 1.) Because the only support for Defendants' allegation of Plaintiff's citizenship is an allegation of residence, and residence is not the same as citizenship, the Notice of Removal's allegations are insufficient to establish Plaintiff's citizenship.[1] "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). As a result, Defendants' allegations are insufficient to invoke this Court's diversity jurisdiction.

       Therefore, Defendants have failed to meet their burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles County Superior Court, Pomona Courthouse, Case No. KC067705. See 28 U.S.C. § 1447(c).

       IT IS SO ORDERED.

---

[1]     Elsewhere in the Notice of Removal, Defendants allege that Plaintiff is a citizen of California. (Notice of Removal ¶¶ 1 & 8.) These conclusory allegations, which do not cite to any facts, are insufficient to alter the Court's conclusion that the only basis for Defendants' allegations of Plaintiff's citizenship is the Complaint's allegation concerning Plaintiff's residence.